### Estate of Nancy Peterman, Deceased.

Argued May 8, 1934.

Before Keller, Cun-
ningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Paul A. Stuart,* for appellant.

*S. G. Alter* and with him *John Gilfillan,* for appellees.

Per Curiam, October 3, 1934:

Appellant is one of the two nieces of Nancy A. Peterman named in her will. The testatrix executed her will on March 2, 1892, and died within a few days. The question involved upon this appeal arose under the second paragraph of the instrument, reading:

"Second. I give and devise all my real estate wheresoever situate to my husband, John H. Peterman, for and during the term of his natural life and upon his death to Mary Agnes and Mary Martha, daughters of Kate Peterman McGregor, the wife of my brother, Robert McGregor, if they be living at the time of the death of my said husband."

Under an order of the court below, entered in 1898, a trustee was appointed to make sale of a portion of the real estate thus devised, and to hold the proceeds for the use of the same persons and in the same interests as the real estate had been held under the will.

Upon the death of the life tenant in 1932, the trustee filed its account, showing a net balance for distribution of $1,703.65. It appearing at the audit, before MITCHELL, J., that Mary Agnes McGregor Martin, one of the designated nieces of testatrix, had died in 1904, one-half of the fund—$851.83—was distributed to appellant, as the surviving niece. She filed exceptions to the distribution upon the ground that "the testamentary disposition ...... constituted a gift to a class" and she was therefore entitled to the whole of the fund.

After argument before the court below in banc, TRIMBLE, P. J., MITCHELL and CHALFANT, JJ., the exceptions were dismissed and the decree of distribution affirmed; hence, this appeal. MITCHELL, J., filed the following opinion for the court in banc:

"The controversy arises over the interpretation of the second paragraph of the will of decedent, which reads as follows [quotation of above paragraph]:

"The balance for distribution is the net proceeds of the sale of the real estate of decedent. John H. Peterman died April 21, 1932, and Mary Agnes Martin, the daughter mentioned in the above paragraph of the will, predeceased him, having died January 19, 1904. Mary Martha Richey, [appellant] the other daughter of Kate Peterman McGregor, contends the disposition of the real estate on the death of the testatrix's husband was to the two daughters of Kate Peterman McGregor as a class and she being the survivor is entitled to the entire fund in the hands of accountant.

"As in all wills the intention of the testator is to be ascertained from the four corners of the will. The naming of persons as beneficiaries is prima facie to be construed as giving to them as individuals. There is nothing in the will to indicate a gift or devise to a class: 75 A. L. R. 783 [Shannon v. Riley, 153 Miss. 815, 121 So. 808].

"The exceptant cites the case of Mifflin's Estate, 279 Pa. 429, in support of her contention. In that case the gift was to four nephews of the decedent, three of whom were brothers. The bequest was to such of these four as may be living at the time of the testatrix's death. One of the three brothers died in the lifetime of testatrix. The question arose as to whether distribution of this deceased nephew's interest should be made to the three surviving nephews equally or the share of the deceased nephew be given to the two surviving nephews who were his brothers. It was held the deceased nephew was not such an one of the four as was living at the time of the death of testatrix and consequently his share in the estate never existed; that those who answered the description of the takers were the three nephews who survived the testatrix. In the case at bar the devise was to the two daughters of Kate Peterman McGregor individually, contingent on their being alive at the death of the life tenant. This was a condition precedent to taking a share of the estate and shows the intent of the testatrix was not to vest the interest of Mary Agnes in the surviving daughter: Kennedy's Appeal, 60 Pa. 511.

"There is no residuary estate provided for in the will. The second paragraph as above set forth disposes of all the real estate of testatrix; the third paragraph disposes of all the personal property; consequently the entire estate is devised and bequeathed. Testatrix gives one-half of her personal property to her husband for life and on his death to Mary Agnes and Mary Martha, daughters of the said Kate McGregor. There is no qualification to this gift. The absence of any contingency emphasizes the finding that the testatrix intended the beneficiaries of the real estate to enjoy it only if they were living at the death of her husband. The other one-half of the personalty was given to the brothers and sisters of testatrix in

equal shares. There is no question of any devise or bequest falling or lapsing in this case and so the Act of June 7, 1917, P. L. 403, quoted by the exceptants, has no application.

"Having found the devise of the real estate was not to a class and that to enjoy the contingent remainder the devisees must survive the life tenant, the decree of distribution is proper and the exceptions are dismissed."

Nothing need be added to the foregoing discussion.

Decree affirmed, at costs of appellant, upon the opinion of the court below.